IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Applicant,<br><br>v.<br><br>FOXCONN CORPORATION<br><br>        Respondent. | )<br>)<br>)<br>)<br>) MISCELLANEOUS ACTION NO:<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO
SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA
SHOULD NOT BE ENFORCED**

This case is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or the "agency") for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating a charge of race and age discrimination filed against Foxconn Corporation ("Company" or "Respondent"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). In the course of its investigation, the EEOC issued a subpoena seeking documents relating to that investigation. The Respondent to date has refused to produce requested documents, and that refusal has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order To Show Cause why the Subpoena should not be enforced.

## FACTUAL BACKGROUND

1. The Charging Party, Earl Davis ("Charging Party" or "Mr. Davis"), filed a charge of discrimination alleging that the Company discriminated against him on the bases of his race, Black, and his age. *See* Exhibit A, Affidavit of R.J. Ruff, Jr., District Director ("Ex. A, Dir. Aff.") ¶¶ 3 & 5 & Exhibit A1, attached thereto and incorporated by reference. Mr. Davis alleges that he has been assigned to work for the Company by his temporary agency for the past seven (7) years. (*Id.*) According to the Charging Party, despite his numerous requests during this time period to be converted to a full-time, permanent employee, the Company has continually denied these requests. (*Id.*) At the same time, Respondent has converted a number of under 40 and Asian employees to permanent, full-time positions after only six to 12 months. (*Id.*) The Charging Party specifically alleges that Peggy Liao, a manager employed by Respondent, denied his requests for full-time, permanent employment. *Id.* During its investigation, the EEOC has identified Justin Ong ("Mr. Ong") as the Company's Human Resources Manager, Jeff Hsiao as the Company's General Manager, and Terry Ross as a former manager.

2. The EEOC sent the Respondent Notice of the Charge on April 17, 2007, and began to investigate whether Title VII and/or the ADEA have been violated. (*See* Ex. A, Dir. Aff. ¶ 6 & Exhibits A1-A2, attached thereto).

3. In its investigation of the Charge, the EEOC has subpoenaed the following information from Respondent:

(A) By subpoena HU-A7-21 ("Subpoena Duces Tecum"), served on Respondent on September 27, 2007, with a production deadline of October 10, 2007:

  (1)  Chart or documents showing the organizational structure of Foxconn Corporation.

  (2)  Personnel file of Earl Davis, including but not limited to, employee evaluations, reprimands, and any pay increases during employment with Foxconn.

  (3)  List or documents showing the names of all workers assigned to Foxconn Corporation by an employment agency for the period January 1, 2005 through the present. For each worker, please provide the job title, date of hire as temporary employee at Foxconn and the name of the employment agency, date of hire as permanent employee of Foxconn Corporation (if any) and job title, race, date of birth, date of termination (if any), reason for termination (if any), and last known home address and phone number.

  (4)  For the period January 1, 2005 to the present, any policies or procedures which apply to temporary workers, including criteria for conversion to full-time, permanent employees of Foxconn Corporation.

  (5)  Employee Handbook in effect during the period January 1, 2005 through the present.

  (6)  Last known home address and telephone number of Terry Ross.

(Ex. A, Dir. Aff. ¶ 10, Exhibit A6; Exhibit B, Affidavit of Lucia Pan, EEOC Investigator ("Ex. B, Inv. Aff.") ¶ 7).

  (B)  By subpoena HU-A8-01 ("Subpoena"), served on Respondent on October 16, 2007, with a production date of November 7, 2007: the oral testimony of Justin Ong, Peggy Liao and Jeff Hsiao. (Ex. A, Dir. Aff. ¶ 12, Exhibit A8; Ex. B., Inv. Aff. ¶ 9).

  **4.  To date, Respondent has failed to produce the most important of the information and documents requested – that responsive to Item Nos. 2 and 3 of the Subpoena Duces Tecum set forth above.[1]  (Ex. A, Dir. Aff. ¶ 12, Exhibit A8; Ex. B,**

---

[1] In its correspondence dated March 10, 2008, Respondent indicated that it does not possess or maintain a

**Inv. Aff. ¶ 9). In addition, the Company has wholly failed to produce the requested witnesses for oral testimony. (*Id.*)**

      5.    Respondent's failure to comply with the subpoenas is consistent with the pattern exhibited by the Company throughout the investigation of stalling, failing to cooperate and generally failing to comply with the agency's efforts to investigate the charge. Respondent's recalcitrant conduct includes the following:

      (A)    On May 18, 2007, the due date for Respondent's position statement, the Mr. Ong mailed a letter to the EEOC acknowledging receipt of the charge and requesting an extension of 30 days to respond to the charge. (Ex. A, Dir. Aff. ¶ 7, Exhibit A3; Ex. B, Inv. Aff. ¶ 4). The letter was received by the EEOC on May 22, 2008. (*Id.*) Nevertheless, Respondent failed to provide the statement within the next 30 days and failed to respond to a phone call from the EEOC Investigator on June 28, 2007, regarding the failure to provide the promised statement. (Ex. B, Inv. Aff. ¶ 4).

      (B)    On July 27, 2007 and August 21, 2007, the EEOC made informal written requests for the information and documents later subpoenaed. (Ex. A, Dir. Decl. ¶¶ 8-9, Exhibits A4-A5; Ex. B, Inv. Aff. ¶ 5). Respondent again wholly failed to respond. (Inv. Aff. ¶ 5). On August 14, 2007, the EEOC Investigator again called Mr. Ong and spoke to him by phone. (Ex. B, Inv. Aff. ¶ 6). At that time, Mr. Ong claimed to have not received the first written request for information, and thus, the Investigator faxed him a copy. (*Id.*) During the phone call, Mr. Ong promised to provide a position statement along with a response to the request for information. (*Id.*) Respondent failed

---

personnel file for Charging Party because, during the relevant time period, he was actually employed by the temporary staffing agency, CoWorx Staffing. Respondent has failed, however, to produce any personnel, payroll or other employment-related records whatsoever pertaining to Charging Party which it, no doubt, maintains.

to do so, however, and also failed to respond to phone calls from the Investigator on August 17 and August 21, 2007. (*Id.*) Accordingly, on September 27, 2008, after giving Respondent numerous opportunities to voluntarily comply, the Investigator served the Subpoena Duces Tecum. (Ex. A, Dir. Aff. ¶ 10, Exhibit A6; Ex. B, Inv. Aff. ¶ 7).

(C) On October 3, 2007, the EEOC Investigator made a written request to Respondent for the oral testimony of Ong, Liao and Hsiao for suggested dates in November 2007. (Ex. A, Dir. Aff. ¶ 11, Exhibit A7; Ex. B, Inv. Aff. ¶ 8). Respondent failed to comply with the Investigator's request to contact the EEOC by October 10, 2007, to schedule the interviews. (Ex. B, Inv. Aff. ¶ 8).

(D) On October 16, 2007, due to Respondent's failure to cooperate in producing witnesses, the Investigator served the Subpoena on Respondent. (Ex. A, Dir. Aff. ¶ 12, Exhibit A8; Ex. B, Inv. Aff. ¶ 9). On that same date in response to a phone call from the EEOC Investigator, Mr. Ong promised to produce himself and Ms. Liao on November 7, 2007. (Ex. B, Inv. Aff. ¶ 10). Although Mr. Ong promised to call the Investigator with dates of availability for Mr. Hsiao, he failed to do so. (*Id.*) Mr. Ong then canceled this appointment on November 6, 2007 – the day before the interviews were scheduled – through the agency's after-hours voicemail system so that the Investigator did not receive the message until the day the interviews were scheduled. (*Id.*) Mr. Ong subsequently agreed to reschedule the interviews for November 27, 2007, but again left an after-hours voice mail the evening before the appointment – November 26, 2007 – once again canceling the interviews. (*Id.*) In addition, Respondent also failed, once again, to produce the subpoenaed documents that Mr. Ong

once again promised to produce during his phone conversation with the Investigator on November 7. (*Id.*)

(E) On November 26, 2007, Respondent also forwarded a written response to the subpoena for oral testimony by overnight delivery. (Ex. A, Dir. Aff. ¶ 13, Exhibit A9). Accordingly, the response arrived at the EEOC on November 27, 2007, the day the oral testimony was to be presented. (*Id.*; Ex. B, Inv. Aff. ¶ 12). In the letter, Mr. Ong requested that the interviews be postponed to January 2008, due to the travel plans of Mr. Hsiao and the Company's corporate counsel, Sean Phillips. At this point in time, it was more than clear to the EEOC that Respondent did not intend to comply with either subpoena served on the Company.

6. In February-March 2008, James Sacher, the EEOC's Regional Counsel, made some phone calls to Respondent regarding the Company's failure to cooperate in the investigation, in a final attempt to convince the Company to voluntarily comply with the EEOC's investigation. (Ex. A, Dir. Aff. ¶¶3-4; Ex. B, Inv. Aff. ¶ 14). Respondent finally produced, on March 10, 2008, a position statement, as well as documents and information in response to Item Nos. 1, 4 and 5 of the Subpoena Duces Tecum. (Ex. A, Dir. Aff. ¶ 14, Exhibit A10). Through its own investigation, the EEOC has also obtained information responsive to Item No. 6 of that subpoena. (Ex. B, Inv. Aff. ¶ 14). To date, however, Respondent has failed to produce the most important of the information and documents requested – that responsive to Item Nos. 2 and 3 above.[2] (Ex. B, Inv. Aff. ¶¶ 15-17). In addition, the Company has wholly failed to produce the

---

[2] In its correspondence dated March 10, 2008, Respondent indicated that it does not possess or maintain a personnel file for Charging Party because, during the relevant time period, he was actually employed by the temporary staffing agency, CoWorx Staffing. (Ex. A, Dir. Aff. ¶ 14, Exhibit A-10). Respondent has failed, however, to produce any personnel, payroll or other employment-related records whatsoever pertaining to Charging Party which it, no doubt, maintains.

requested witnesses for oral testimony. (Ex. B, Inv. Aff. ¶ 16). The information and documents sought are vital and necessary to the investigation. (Ex. B, Inv. Aff. ¶ 17).

7. Throughout the investigation and up to this day, the Respondent has declined to fully comply with the subpoenas in producing the requested information and testimony. Thus, the EEOC has no choice but to seek to enforce the subpoenas by court order.

## ARGUMENT

8. Respondent failed to exhaust its administrative remedies and has therefore forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, the Company has no valid defense for failing to comply with the EEOC's subpoena.

**A. The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.**

9. Pursuant to 29 U.S.C. § 161[3] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959,

---

[3] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9.

964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

10. Respondent did not petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations. Indeed, the Company has never so petitioned. (Ex. A, Dir. Aff. ¶ 6). Consequently, all Respondent's objections to enforcement of the subpoena, other than constitutional objections, have been waived. Because Respondent does not, and cannot, raise any constitutional objections, the subpoena must be enforced.

**B. Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.**

11. Even if Respondent were to subsequently raise objections, the Company has no valid defense for failing to comply with the EEOC's subpoena. EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 420 (E.D. Pa. 2001); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial").

12. To successfully petition a court to enforce an administrative subpoena, the EEOC need only show that 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *Shell Oil Co.*, 466 U.S. at 72 n.26 (1984); *United Air Lines*, 287 F.3d at 649; *City of Norfolk Police Dep't*, 45 F.3d at 82; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983). Once this showing has been made, a court will enforce the subpoena unless the Respondent can prove that compliance with the subpoena would be unduly burdensome. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *Md. Cup Corp.*, 785 F.2d at 475-76; *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993). It is not within the court's purview to then determine whether the charge of discrimination is well founded or verifiable. *Univ. of Pa.*, 493 U.S. at 191; *Shell Oil Co.*, 466 U.S. at 72, n. 26.

1. The subpoena is valid and within the agency's authority.

13. First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII and the ADEA have been violated. 29 U.S.C. § 626(a); 42 U.S.C. § 2000e-5(b). Congress has conferred on the EEOC broad access to the records of those entities against whom charges have been filed, as well as the power to obtain those records in a timely manner. *See, e.g.,* 29 U.S.C. § 626(a) (incorporating 29 U.S.C. §§ 209 and 211), 42 U.S.C. § 2000e-8(a) (including the authority to subpoena evidence in an investigation) and 29 U.S.C. § 161

(incorporated into Title VII by 42 U.S.C. § 2000e-9). Indeed, the subpoena enforcement provisions of the relevant employment statutes give the EEOC the right to obtain relevant evidence, not the mere license to seek it. *Univ. of Pa.*, 493 U.S. at 192. The EEOC is investigating the Charging Party's allegations that the Respondent engaged in race and age discrimination in violation of the laws the agency is charged with enforcing. Such an investigation is within the agency's statutory authority, and thus, the EEOC has a right to obtain relevant evidence pertaining to the charge.

14. It is important to note that the subpoena is within the EEOC's authority because all procedural requirement have been met, *i.e.,* a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena)[4]; *see also Shell Oil Co.*, 466 U.S. at 67-74 (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same); 29 C.F.R. § 1626.16(b). Respondent has not, and cannot, allege that these basic requirements have not been satisfied. Thus, the first prong of the test – that the subpoena is within the agency's authority – has been satisfied.

2. The information sought is relevant.

15. It is clear that the information sought by the subpoena is relevant to the issues of race and age discrimination under investigation. The concept of relevancy during an EEOC investigation is broader than is that concept during litigation. Section 709(a) broadly grants the EEOC access to "any evidence of any person being

---

[4] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the EEOC access to virtually any material that might cast light on the allegations against the employer." *Shell Oil Co.*, 466 U.S. at 68-69; *accord EEOC v. Technocrest Systems, Inc.*, 448 F.3d 1035, 1038-39 (8th Cir. 2006); *Dillon Cos.*, 310 F.3d at 1274; *United Air Lines, Inc.*, 287 F.3d at 652; *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The EEOC need not present a "specific reason for disclosure" of the requested information, *Univ. of Pa.*, 493 U.S. at 194, and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong." *Guess?, Inc.*, 176 F. Supp. 2d at 421.

16. It is undeniable that the requested information "might cast light on the allegations against the employer." Charging Party alleges that the Company has engaged in race and age discrimination with regard to its temporary employees during the seven (7) years of his employment. (Ex. A, Dir. Aff. ¶ 5, Exhibit A1). The EEOC seeks documents reflecting the names of all workers assigned to Foxconn Corporation by an employment agency for the period January 1, 2005 through the present (the past three and one-half years), as well as documents that pertain specifically to Charging Party's employment. There is nothing ambiguous or indefinite about the information and documentation being requested.

17. Further, the EEOC is seeking to interview the decision-makers with regard to hiring temporary employees to fill full-time positions, as well as the Human Resources people who can speak to the hiring policies and procedures of the Company

and the maintenance of employment records.  The information and interviews sought by the EEOC are clearly relevant and definite in light of the allegations set forth in the charge.  Thus, the second two prongs of the test have been established and the subpoena should be enforced.

C.   **Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.**

18.   It follows that the Court should enforce the subpoena unless the Respondent shows that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *Md. Cup Corp.*, 785 F.2d at 479.  The Respondent does not, and cannot, claim that compliance with the subpoena would impose an undue burden on the Company.  Thus, the subpoena should be enforced.

D.   **For Public Policy, as Well as Legal, Reasons, Respondent's Failure to Cooperate in the Investigation Should Not Be Rewarded.**

19.   Respondent has not only failed to cooperate in the investigation, it has engaged in dilatory tactics and frankly, has wasted the agency's time and resources. The United States Supreme Court has recognized that requiring the EEOC to demonstrate a specific reason for disclosure, beyond a showing of relevance, "would place a substantial litigation-producing obstacle in the way of the Commission's efforts to investigate and remedy alleged discrimination."  *Univ. of Pa.*, 493 U.S. at 194. Furthermore, the Court has repeatedly held that acquiescing to attempts to delay an EEOC investigation would "'place a potent weapon in the hands of employers who have no interest in complying voluntarily with the [enforcement statutes], who wish instead to delay as long as possible investigations by the EEOC.'"  *Id.* (quoting *Shell Oil Co.*, 466 U.S. at 81).  Thus, to prevent employers within the jurisdiction of the

EEOC's Houston District Office, including Respondent, from engaging in delaying tactics, this Court should force Respondent to comply with the duly issued and served subpoenas.

## CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. Further, the Respondent has not established that complying with the subpoena would be unduly burdensome. The EEOC urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving the Respondent an opportunity to be heard, enforce the subpoena.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

_/s/_Connie K. Wilhite_____
Connie K. Wilhite
Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity Commission

                1919 Smith Street, 6th Floor  
                Houston, Texas 77002  
                (713) 209-3390  
                (713) 209-3402 [facsimile]

OF COUNSEL:

Jim Sacher  
Regional Attorney

Rose Adewale-Mendes  
Supervisory Trial Attorney  
Equal Employment Opportunity Commission  
1919 Smith Street, 6th Floor  
Houston, Texas 77002